Mathew K. Higbee, Esq.
HIGBEE & ASSOCIATES
1504 Brookhollow Dr., Suite 112
Santa Ana, CA 92705
Phone: (714) 617-8350
Fax: (714) 617-6559
Email: mhigbee@higbeeassociates.com

*Attorneys for Plaintiff*
ANTARA MURDOCK

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| ANTARA MURDOCK,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>AUTHOR SOLUTIONS, LLC,<br><br>　　　　　Defendant. | Case No. 1:16-CV-1398<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FROM COPYRIGHT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

COMES NOW, Plaintiff, ANTARA MURDOCK, by and through his attorneys of record, alleges the following against Defendant, AUTHOR SOLUTIONS, LLC:

**INTRODUCTION**

1.Antara Murdock (hereinafter "Plaintiff"), by Plaintiff's attorneys, brings forth this Complaint to challenge the actions of Author Solutions, LLC, (hereinafter "Defendant"), with regard to the unlawful use and publication of a copyrighted, written work titled "Journey to Consciousness; Who Am I?" (hereinafter "Works") owned by Plaintiff, resulting in Plaintiff suffering damages.

///

///

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over Plaintiff's claims for copyright infringement pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a).

3. This Court has personal jurisdiction over the Defendant because Defendant does business in the of the State of Indiana, Defendant's acts of infringement complained of herein occurred in the State of Indiana, and Defendant has caused injury to Plaintiff in his intellectual property within the State of Indiana.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b) because the Defendant has their principal place of business in Indiana and in this judicial district, and because a substantial part of the events giving rise to Plaintiff's claim occurred in this judicial district. Alternatively, venue is also proper pursuant to 28 U.S.C. § 1400(b) because the Defendant transacts business, committed the acts of infringement, and has a regular and established place of business in this judicial district.

5. For the purposes of this Complaint for Damages, unless otherwise indicated, "Defendant" includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogates, representatives and insurers of Defendant(s) named in this caption.

6. This is a civil action seeking damages and injunction relief for copyright infringement under the Copyright Act of the United States, 17 U.S.C. §101, whereby the Defendant violated Plaintiff's exclusive rights as copyright owner pursuant to 17 U.S.C. §106 and 17 U.S.C. § 106(A).

## PARTIES

7. Plaintiff is a natural person who resides in the City of Philadelphia in the State of Pennsylvania and is a published author by trade.

8. Plaintiff is a "copyright owner" who holds "exclusive rights" to his "copyrighted work[s]" pursuant to 17 U.S.C. §§ 101 and 106.

9. Plaintiff is informed and believes, and thereon alleges, that Defendant is a business entity with a principal place of business located in the City of Bloomington, in the State of Indiana, and conducted business within the City of Bloomington, in the State of Indiana.

10. Plaintiff is informed and believes, and thereon alleges, that Defendant is a business entity that unlawfully published Plaintiff's copyrighted works without Plaintiff's express or implied authority.

## FACTUAL ALLEGATIONS

11. At all times relevant, Plaintiff is an individual residing within the State of Pennsylvania.

12. Plaintiff is informed and believes, and thereon alleges, that at all times relevant, Defendant was a business entity with a principal place of business in the State of Indiana in this judicial district.

13. Plaintiff is a musician, speaker, and published author by trade. He writes and curates multiple blogs aimed at self-help and empowerment, is the chief officer of a company aimed at publishing, marketing, branding, and exposure of likeminded individuals looking to use his expertise for self-actualization and pecuniary gain. Plaintiff's livelihood is dependent on receiving compensation for the written works he produces.

14. Plaintiff produced an original, written Works in which he also designed original artwork for the cover. *See Original Cover Artwork attached hereto as Exhibit A.*

15. Plaintiff has ownership and copyrights to the written Works.

16. Plaintiff has registered the Works with the United States Copyright Office under registration number TXu-001821785. Plaintiff did not consent to the final authorization,

publication, and distribution, or allow in any manner the use of the Works by Defendant.

17. Plaintiff is informed and believes that Defendant willfully used Plaintiff's copyrighted Works without his permission and that it published, communicated, benefited through, posted, publicized and otherwise held out to the public for commercial benefit, the original and unique work of Plaintiff without Plaintiff's consent or authority, and acquired monetary gain and market benefit as a result.

18. Plaintiff contracted with Defendant on or about March 31, 2009 to publish his Works.

19. Commencing on January 3, 2014, Plaintiff engaged in correspondence with Defendant regarding the first "proofs" of the cover of Plaintiff's Works. *See Email Exchange dated January 3, 2014, attached hereto as Exhibit B*.

20. Defendant informed Plaintiff that the initial proofs of his Works were ready for review and approval. Upon receipt of the email, Plaintiff informed Defendant that he had previously sent changes to the cover art to another representative acting on behalf of Defendant. Plaintiff was informed, and thereon believed, that said changes would be made prior to the "initial proofs" needing review. In the interest of time and convenience, Plaintiff again reiterated the changes that were suggested upon prior correspondence to Defendant. *See Exhibit C*.

21. On or about January 7, 2015, Defendant contacted Plaintiff in order to address Plaintiff's concerns with the "initial proofs" of his Works. *See Email Exchange dated January 7, 2015, attached hereto as Exhibit C*.

22. In their communications, Defendant addressed Plaintiff's concerns over the cover of his Works. Defendant also offered to remedy the situation by offering monetary incentives by waiving resubmission fees associated with correcting the cover of the Works. Defendant then proceeded to state that the proposed offer of correction and fee waiver would only be valid until

January 15, 2015. *See Exhibit C*.

23. Without Plaintiff's prior consent, authorization, or elaboration, commencing on January 8, 2015, Defendant sent approval forms to Plaintiff requiring Plaintiff's signature in the zevent that he approved of the proposed changes and corrections by Defendant.

24. On January 9, 2015, Defendant sent Plaintiff an email responding to a telephone conversation had between Plaintiff and Defendant's representative, Jay Bradshaw. *See email exchanged dated January 9, 2015, attached hereto as Exhibit D*.

25. In their exchange, Defendant informed Plaintiff that his Works was undergoing "2nd content evaluation." Defendant then informed Plaintiff that they would continue their conversation as had earlier that day, on January 12, 2015. Based on the foregoing information, it can be reasonably assumed that Plaintiff was unhappy with the corrected proofs, and further evaluation was needed in order to pass the approved information on to Defendant's printing company.

26. On January 12, 2015, Defendant sent Plaintiff an email stating that they had sent the approved proofs to the printer for publishing. *See Email Exchanged dated January 12, 2015, attached hereto as Exhibit E*.

27. Upon further review of the corrected proofs provided by Defendant, Plaintiff was unhappy with the changes and revisions and expressed his concerns to Defendant.

28. On December 4, 2015, Defendant contacted Plaintiff requesting email correspondence alleging that he was not happy with the proposed cover of his Works. *See Email exchange dated December 4, 2015, attached hereto as Exhibit F*.

29. In the exchange, Defendant alleged that previous representatives acting on behalf of Defendant, informed Plaintiff that his cover art were ready to be "pushed into the marketplace." These accusations were not supported with correspondence from Plaintiff

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

5

reaffirming their notion.

30. Plaintiff never agreed to a final, authorized printing of his Works, nor did he approve of it being "pushed into the marketplace."

31. Defendant alleges that on January 8, 2015, Plaintiff signed the authorization forms approving of the final cover art to be printed on Plaintiff's works. Regardless of the authorization on January 8, 2015, Plaintiff retracted his approval on or about December 3, 2015, in which he informed Defendant of his dissatisfaction with the artwork. Plaintiff then engaged in a series of emails with Defendant further alleging that he did not approve of the art work as proposed for his Works. *See Email Exchange dated December 8, 2015, attached hereto as Exhibit G.*

32. In an email exchange from Defendant to Plaintiff dated January 7, 2016, Defendant openly admits to Plaintiff that they "do not find any documented approval for [his/ Plaintiff's] book cover, [and] have temporarily placed [his/ Plaintiff's] title on hold." *See Email Exchange dated January 7, 2016, attached hereto as Exhibit H.*

33. Plaintiff is informed, and thereon alleges, that Defendant knowingly published and printed Plaintiff's Works even after Plaintiff made very clear to Defendant of his displeasure and dissatisfaction of the cover art for his Works as proposed by Defendant.

## FIRST CAUSE OF ACTION

## COPYRIGHT INFRINGEMENT

### Title 17 of the United States Code

34. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

35. Plaintiff did not consent to, authorize, permit, or allow in any manner the said use of Plaintiff's unique and original materials and/or work.

36. Plaintiff is informed and believes and thereon alleges that said Defendant willfully infringed upon Plaintiff's copyrighted works in violation of Title 17 of the U.S. Code used, in that it published, communicated, benefited through, posted, publicized, and otherwise held out to the public for commercial benefit, the original and unique work of the Plaintiff's consent or authority and acquired monetary gain and market benefit as a result.

37. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to actual damages pursuant to 17 U.S.C. §504(b), or statutory damages in an amount up to $150,000.00 pursuant to 17 U.S.C. § 504(c).

38. As a result of the Defendant's violations of Title 17 of the U.S. code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C § 505 from Defendant.

39. Plaintiff is also entitled to injunctive relief to prevent or restraint in fringement of his copyright pursuant to 17 U.S.C. § 502.

//
//
//
//
//
//
//
//
//
//
//
//
//

# PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant

- Enjoining the Defendant from further infringement of all copyrighted works of the Plaintiff pursuant to 17 U.S.C. § 502(a);
- Awarding statutory damages in an amount up to $150,000.00 pursuant to 17 U.S.C. § 504(c) from Defendant;
- Awarding costs of litigation and reasonable attorney's fees, pursuant to 17 U.S.C. § 505, from Defendant; and
- An award of any other relief the Court deems just and proper.

Dated: June 7, 2016                               Respectfully submitted,

/s/ Mathew K Higbee, Esq.
Mathew K. Higbee, Esq.
HIGBEE & ASSOCIATES
1504 Brookhollow Dr., Ste 112
Santa Ana, CA 92705-5418
(714) 617-8350
(714) 597-6729 facsimile
*Attorneys for Plaintiff*

## DEMAND FOR JURY TRIAL

Plaintiff, Antara Murdock, hereby demands a trial by jury in the above matter.

Dated: June 7, 2016                              Respectfully submitted,

/s/ Mathew K Higbee, Esq.
Mathew K. Higbee, Esq.
HIGBEE & ASSOCIATES
1504 Brookhollow Dr., Ste 112
Santa Ana, CA 92705-5418
(714) 617-8350
(714) 597-6729 facsimile
*Attorneys for Plaintiff*

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

# EXHIBIT INDEX

**Exhibit A:** Original artwork design proposed by Plaintiff for his Works, "Journey to Counsciousness…"

**Exhibit B: January 3, 2014;** First email exchange between Plaintiff and Defendant alleging Plaintiff's dissatisfaction with cover art of Works

**Exhibit C: January 7, 2015;** Email exchange between Plaintiff and Defendant regarding first, pending proofs of Plaintiff's Works.

**Exhibit D: January 9, 2015;** Email exchange between Plaintiff and Defendant regarding Plaintiff's Works undergoing a "2nd content evaluation" before printing.

**Exhibit E: January 12, 2015;** Email exchange from Defendant to Plaintiff informing Plaintiff that Works were sent out for printing.

**Exhibit F: December 4, 2015;** Email exchange from Defendant requesting correspondence affirming Plaintiff's position that he was not happy with proofs of Works.

**Exhibit G: December 8, 2015;** Email exchange between Plaintiff and Defendant regarding Plaintiff's dissatisfaction of condition of Works even after printing.

**Exhibit H: January 7, 2016;** Email exchange between Defendant and Plaintiff confirming that Defendant had no written approval to print Works.

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**